Alvin J. ERVEN, Appellant,

v.

Robert P. PROVOST, Respondent.

No. CO–87–989.

Court of Appeals of Minnesota.

Oct. 20, 1987.

Review Denied Nov. 24, 1987.

Alvin J. Erven, pro se.

William D. Paul, Duluth, for respondent.

Considered and decided by NORTON, P.J., and FOLEY and MULALLY,* JJ., with oral argument waived.

## OPINION

NORTON, Judge.

This appeal is from a summary judgment dismissing a defamation claim and an order denying motions to reconsider and vacate that summary judgment. Appellant, pro se, claims the trial court improperly denied him an opportunity to rebut respondent's arguments, submitted subsequent to the summary judgment hearing. We affirm.

## FACTS

On April 20, 1986, a letter by appellant Alvin J. Erven was published in the letters to the editor section of the *Grand Rapids Herald and Review.* In his letter, appellant suggested the Minnesota no-fault insurance law was a gambit "born and bred within the policy makers of the insurance industry" and it was "nothing more than a compulsory personal injury plan that forced you to insure yourself." Appellant compared the Minnesota insurance industry to a big city protection racket and insinuated the no-fault system was run by "thieves." Appellant also singled out the Mutual Service Insurance Company (MSI) and stated it was engaging in "deceptive practices."

In response to appellant's letter, on May 11, 1986, a letter by respondent Robert P. Provost, president of the Minnesota Insurance Information Center, was published in the same section of the same newspaper. Without naming appellant, respondent referred to his letter as "senseless drivel." Respondent defended MSI and stated ap-

pellant's charge against it was a "gross injustice," "a factually incorrect assertion," and a "crass insult." Following an unheeded demand that respondent retract these statements, appellant, acting pro se, commenced this defamation action.

Respondent moved for summary judgment based on the aforementioned undisputed facts. Respondent argued, as a matter of law, that his statements were opinions, not facts, and therefore not actionable.

The trial court relied on *Ollman v. Evans,* 750 F.2d 970 (D.C.Cir.1984), *cert. denied,* 471 U.S. 1127, 105 S.Ct. 2662, 86 L.Ed.2d 278 (1985), in which the District of Columbia Court of Appeals held that whether an alleged defamatory statement was fact or opinion was for the court, not a jury, to decide. The trial court here stated:

I conclude that while [respondent's] words were at best poorly chosen and in poor taste, there is no reflection upon or even mention of [appellant's] name or reputation. "Senseless drivel" is offensive, but pure, arrogant opinion, as is a "crass insult." A "gross injustice, and a factually incorrect assertion" is simply not defamatory. I relish my judicial task no more than did Judge Scalia in *Ollman.* However, my oath is to follow, not make or criticize the law, and since [respondent's] remarks were clearly opinion, not statements of fact, I must grant [respondent's] motion.

The court also denied appellant's motion to stay the judgment, and judgment was entered on February 11, 1987. Appellant then moved the court to reconsider and vacate judgment. By order filed March 3, 1987, the court denied appellant's motion, but stated:

Because the Minnesota Appellate Courts have not specifically spoken to the *Ollman* holding that the court rather than a jury must determine whether claimed libelous statements are fact or opinion, I encourage [appellant] to appeal the judgment herein.

* Acting as judge of the Court of Appeals by ap-

pointment pursuant to Minn. Const. art. 6, § 2.

## ISSUE

Did the trial court err in granting respondent summary judgment?

## ANALYSIS

On appeal from summary judgment, the function of the reviewing court is to determine whether there are any genuine issues of material fact and whether the trial court erred in its application of law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). Because the facts are undisputed, our review is limited to whether the trial court erred in its application of law.

Appellant's only argument is that he was not given an opportunity to respond to respondent's supplemental letter brief, submitted after the summary judgment hearing. Appellant relies on the rules of civil procedure, which provide:

[I]f the court grants a motion for a more definite statement, the responsive pleading shall be served within 10 days after the service of the more definite statement.

Minn.R.Civ.P. 12.01(2). That rule, however, pertains only to the presentation of pleadings. Further, appellant was given the opportunity to respond to respondent's arguments at the subsequent hearing on appellant's motion to reconsider and vacate summary judgment.

Although appellant raises no further arguments, he does reference the trial court's statement encouraging him to appeal. This court recently set forth the procedure for determining whether a remark is mere opinion protected by the first amendment. *Capan v. Daugherty*, 402 N.W.2d 561, 563 (Minn.Ct.App.1987) (applying the test established in *Janklow v. Newsweek, Inc.*, 788 F.2d 1300 (8th Cir.), *cert. denied*, — U.S. ——, 107 S.Ct. 272, 93 L.Ed.2d 249 (1986)). In *Janklow*, the Eighth Circuit agreed with the *Ollman* court that the fact/opinion distinction is for the court to decide. *Janklow*, 788 F.2d at 1302. The trial court therefore properly assumed its role in deciding whether the alleged defamatory statements in this case were of fact or opinion.

## DECISION

Because the facts are undisputed and the trial court did not err in its application of law, the court properly granted respondent summary judgment on appellant's defamation claim.

Affirmed.